IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

In re:                                          )
                                                )
Thomas R. Greer,                                )
Gayle Greer,                                    )         Case No. 07-30510
                                                )             Chapter 7
                                                )         Memorandum and Order Denying
                        Debtors.                )         Debtors' Claims of Exemption
                                                )

Kip M. Kaler, the Bankruptcy Trustee in this case has objected to the Debtors' claim of exemption in a Chapter 7 Bankruptcy case. The parties have filed a Stipulation with the court. Docket 24. The court has considered the filings of the parties, the stipulation and their arguments. The issues before the court are whether Gayle R. Greer may claim an exemption in certain Big Lake Minnesota real estate using the exemption in N.D. Cent Code § 28-22-03.1(1) and whether the debtors may exempt the Big Lake property utilizing the exemption in N.D. Cent Code § 28-22-03.

**The Stipulated Facts**

The Debtors filed a Chapter 7 Bankruptcy Petition on June 18, 2007. Docket 24, ¶ 1. Kip M. Kaler is the duly appointed Bankruptcy Trustee of the bankruptcy estate. The Debtors seek a claim of exemption in a piece of real estate in Big Lake Minnesota in the amount of $10,955 under N.D. Cent Code § 28-22-03.1(1). Docket 24, ¶ 2. They also seek to use a state law claim of exemption under §28-22-03. Docket 24, ¶ 2.

The Big Lake Property was conveyed by Warranty Deed from Florence E. Greer (Debtor Thomas R. Greer's mother) to Thomas Greer and his brother Jackson H. Greer as tenants in

1

common, reserving a life estate to herself.  Docket 24, ¶ 5.  Jackson Greer is not a party to this proceeding.  The parties agree that Thomas Greer has not conveyed the title to his debtor-spouse Gayle Greer.  Docket 24, ¶5.  Debtors claim that Gayle Greer has a "marital interest" in the property Docket 13.  The Debtors also claim a "home" at 1334 11th Ave. South, Fargo North Dakota and thus do not appear to be residing in the Big Lake property.  Docket 15.

## Analysis

N.D. Cent. Code § 28-22-03.1 provides in part:

> In addition to the exemptions from all attachment or process, levy
> and sale upon execution and any other final process issued from any
> court , otherwise provided by law, a resident of the state may select:
> 1.   In lieu of the homested exemption, up to seven
>      thousand five hundred dollars.

The trustee contends that only Thomas Greer can claim an exemption in this asset because only he holds an interest because the property has been deeded solely to him.  Docket 16, ¶2.  Thus the  the trustee objects to the amount in excess of Thomas Greer's exemption of $7500.  The Debtors contend that despite the fact the property was gifted to Thomas Greer North Dakota law gives Gayle Greer a "marital interest".  Gayle Greer relies on Young v. Young, for the proposition that the origin of property by gift to one spouse only is still a marital asset for the purposes of property division in a divorce.  578 NW2d 111, 114 (N.D. 1998).  While this is no doubt true in the context of divorce law, bankruptcy courts have reached the opposite conclusion in bankruptcy proceedings.  In In re Johnson, the court stated that the classification of property as "marital" does not create property rights in assets.  210 B.R. 153, 155 ( Bkrtcy D. Minn. 1997).  It creates only a right to equitable distribution should the parties divorce.  It does not for example give the spouse the power to bequeath the property or grant a security interest to some

2

third party on the supposition that it might someday be subject to an equitable division in a divorce. Id.

A similar result was reached in In re Cczerneski. 330 B. R. 240, 241 (Bkrtcy E.D. Wis, 2005). There a debtor husband claimed an exemption in real property that had been gifted to the debtor wife individually and remained titled only in her name. Id. At 244. The court held that since the debtor husband held no interest in the land he cannot claim the exemption. Id. at 245. Other courts have also reached this conclusion with property that could be classified as marital in a divorce proceedings but not owned by the other spouse in the bankruptcy. In re Thorpe, 251 B.R. 723, 726 (Bkrtcy W.D. Mo. 2000) (Wife did not have a sufficient property interest in husband's motorcycle to claim an interest in it). In re Horstman 276 B.R. 80, 84 (Bkrtcy E.D. N.C. 2002)(Wife had no interest to claim as exempt in a car title only in debtor husband's name). Therefore Galye Greer may not claim the exemption under N.D. Cent. Code § 28-22-03.1.

The Debtors also seek to exempt the property at Big Lake as exempt under N.D. Cent. Code §28-22-03. That section provides as follows:

> In addition to the absolute exemptions mentioned in section 28-22-02, except in subsection 8 thereof, the head of a family, personally or by that person's agent, may select from that person's other personal property, any goods, chattels, merchandise, money, and other personal property not exceeding in value the sum of five thousand dollars, which is also exempt from all attachment or mesne process, levy and sale upon execution, and any other final process issued from any court. (Emphasis supplied).

In North Dakota property is either real or personal N.D. Cent. Code § 4701-07. Real Property is land and things fixed to the land. N.D. Cent. Code §47-01-03. Land is the solid material of the earth. N.D. Cent. Code §47-01-04. Personal property is every other kind of property. N.D.

3

Cent. Code 47-01-07.  Words are to be understood in their ordinary sense unless a contrary intention plainly appears.  N.D. Cent. Code § 1-02-02.  In this case the statute plainly limits this exemption to personal property.  Thus neither Thomas Greer nor Gayle Greer can use this exemption for the Big Lake Minnesota real estate.

For these reasons Gayle Greer's claim of exemption under N.D. Cent Code §28-22-03.1 and Thomas Greer's and Gayle Greer's claim of exemption under N.D. Cent. Code § 28-22-03 are hereby denied.

Dated this 5th day of May, 2008,

/s/ Ralph R. Erickson
Ralph R. Erickson
United States District Judge